HON. PAUL B. BERGINS Corporation Counsel, White Plains
This is in response to your letter received on January 14, 1976, wherein you ask for an opinion of the Attorney General whether or not the same person may simultaneously be a member of the Common Council of the City of White Plains and a member of the White Plains Commission on Human Rights.
You point out that the White Plains Commission on Human Rights was established by resolution of the Common Council in 1965 pursuant to authority contained in Article 12-D of the General Municipal Law, which resolution has not been amended and presently the members of said Commission are not paid compensation.
General City Law, § 3, provides, in part:
 "No member of the common council of any city shall, during the period for which he was elected, be capable of holding under the appointment or election of the common council any office the emoluments of which are paid from the city treasury, or paid by fees or compensation directed to be paid by any act or ordinance of the common council* * *."
The Charter of the City of White Plains, § 26(1), provides, in part:
 "(1) No member of the common council of the city of White Plains shall, during the period for which he was elected, be capable of holding under the appointment or election of the common council any other office the emoluments of which are paid from the city treasury, or paid by fees or compensation directed to be paid by any act or ordinance of the common council* * *."
It is a general rule that one person may simultaneously hold two public offices unless specifically prohibited by law or such two offices are incompatible under the common law. Pursuant to provisions of Article 12-D of the General Municipal Law, the governing board of a city, among other specified municipalities, may be resolution create a commission on human rights and make appropriation for the expenses and for the compensation, if any, to be paid to the members of the commission. General Municipal Law, § 239-q, prescribes the general duties and powers of such commission, which includes, inter alia:
"1. It shall be the duty of the commission:
 "(a) To foster mutual respect and understanding among all racial, religious and nationality groups in the community.
 "(b) To make such studies in any field of human relationship in the community as in the judgment of the commission will aid in effectuating its general purposes and where desirable, to make the results of such studies public.
 "(c) To inquire into incidents of tension and conflict among or between various racial, religious and nationality groups, and to take such action as may be designed to alleviate such tensions and conflict."
Since the members of the White Plains Commission on Human Rights are nonsalaried, a member of the Common Council would not be proscribed from also serving on the White Plains Commission on Human Rights under provisions of General City Law, § 3, and the Charter of the City of White Plains, § 26. Under the common law in examining the duties of the two offices we find no incompatibility.
In People ex rel. Ryan v. Green, 58 N.Y. 295 (1874), at page 304, it was stated:
 "* * * Incompatibility between two offices, is an inconsistency in the functions of the two; as judge and clerk of the same court — officer who presents his personal account subject to audit, and officer whose duty it is to audit it. * * *"
From all of the foregoing, we conclude that the same person may simultaneously be a member of the Common Council of the City of White Plains and a member of the White Plains Commission on Human Rights.